IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF Delaware

BRUCE L. WAPLES )
  Petitioner, )
 )
V. ) Civil Action No. 07-200-Gms
 )
THOMAS CARROLL )
Warden, And Attorney )
General of the state )
of Delaware )
  Respondents. )



Habeas Corpus 28 USC § 2254 (Amended)

Grounds One: Reasonable Doubt Instruction

Simpson v. Matesanz 29 F. Supp. 2d 11
  The reasonable doubt jury instruction violated the defendant's Sixth Amendment right to a fair trial where the instruction which stated that jury must be sure of defendant's guilt to a "moral certainty" of same degree juror's use to make "decisions of importance" in their own lives, and stated that juror's should give defendant benefit of the doubt if they had any "serious unanswered questions" About his guilt. The defective reasonable doubt jury instruction was held to be a "structural defect" which defies analysis by "harmless error" And required granting federal habeas relief

Ground Two: Suppression of Evidence

Bond v. U.S., 1 F.3d 631
    Trial Counsel's failure to file motion to suppress evidence is properly raised on petition for habeas relief instead of direct appeal

Ground Three: Failed To Prepare for Trial

United States v. Tucker, 716 F.2d 576
    Trial Counsel's overall performance, failure to prepare for trial, properly cross-examine government witnesses, impeach government witness with inconsistent prior statements, failed to call corroborating witnesses to support defendant's testimony, deprived defendant of a fair trial and constitutes ineffective assistance of counsel

Ground Four: Closing Arguments Related Ineffectiveness

Agard v. Portuondo, 159 F.3d 98
    The court found that "Prosecutor's closing argument comments suggesting that defendant" credibility was less than that of prosecution witnesses, solely because he attended entire trial while witnesses were present only during their own testimony, was not harmless error and warranted habeas corpus relief"

Ground Five: Insufficient Evidence

Reyes v. State 819 A2d 305
 Jury 31.3(1) An essential ingredient of the right to trial by jury is for jury verdicts to be based solely on the evidence presented at trial U.S.C.A. Const. Amend 6

Grounds Six: Prejudical Remarks

Sexton v. State 397 A2d 540
 Criminal Law 110 700(1) (Formerly 110 K 700)
"Although prosecutor operates within an adversary system, his duty is to seek justice, not merely convictions; that same duty requires prosecutor to refrain from legally objectionable tactics calculated to arouse prejudices of jury
NOTE: Prosecutor Martin Cosgrove stated to the jury that i knocked out Correctional officer tooth out.(There was no Evidence)

Ground Seven: Hearsay Evidence

Demby v. State 695 A2d 1152
 110K741(1)K. In General
Requirement that statement against interest be corroborated by other evidence in the case in order to be admissible under exception Con't

to hearsay rule is a preliminary question as to admissibility of statement: trial judge must find only that sufficient corroborating circumstances exist and then permit jury to make ultimate determination of weight to be given to such evidence. Rule of Evid Rule 804(b)(3)

Ground eight: Plain Error - Prosecutor's Remark

Wainwright v. State 504 A2d 1100
Miller v. State Quoting Saunders v. State Del supr 602 A2d 623 624 (1984)
We emphasized in Miller the important Rule of prosecutor. The Vouching by the prosecutor as to the credibility of a witness for the state is a special concern because jurors may easily interpret vouching by the prosecutor as an official endorsement of the witness and in doing so overlook important aspects of the witness credibility
Note: Prosecutor may not vouch for the credibility of Government witnesses

Ground Nine: Ineffective Assistance of Counsel

Tucker v. Prelesnik, 181 F3d 747 (6th Cir 1999)
    Defense Counsel's failure to move for a continuance to obtain medical records of assault victim which would have impeached his ability to remember, failed

to obtain and use evidence of earlier contradictory statements by victim which would have cast serious doubt about the victims credibility. Constitutes ineffective assistance of counsel

Ground ten: Plain ERROR - Conduct of Counsel

US. V. Washington 263 F Supp 2d 413
Prosecutorial misconduct to which contemporaneous objection are made is reviewed for harmless error, but prosecutorial misconduct to which no objection is raised during trial is reviewed for plain ERROR Fed. Rules Cr. Proc. Rule 52(b) 28 USCA

Ground eleven: Prosecutorial misconduct

US. V. Washington 263 F Supp 2d 413
Prosecutor improperly vouched for credibility of government witness during closing argument at defendants trial for being felon in possession of fire arm prosecutor used phrases such as "I think" "I would suggest to you" "I believe" and other objectionable rhetorical devices at least thirty times in opening twenty-six page summation when providing substantive commentary on credibility of witnesses and government's version of facts

Ground Twelve: Deprived of Evidence BRADY Violated
                                                    Cont →

U.S. v Washington 263 F Supp 2d 413
Formerly 92K 268 (5)
To extent that prosecutor knows of material evidence favourable to defendant in criminal prosecution government has due process obligation to disclose that evidence to defendant (deprived video tape)
U.S.C.A. Const Amend 5

110K 700(4)K Impeaching Evidence
Impeachment evidence suppressed by government will be considered material as required to support claim of Brady violation, if witness whose testimony is attacked supplied only evidence linking defendant to crime or where likely impact on witness's credibility would have undermined critical element of prosecution's case (I was deprived of the video tape)

Wherefore: for the following ongoing reason I request the Courts immediate Relief

Date 5-23-07

Respectfully Submitted
Bruce Waples
Bruce Waples
PRO-SE

I/M Bruce L. Waples
SBI# 172369   UNIT 17
DELAWARE CORRECTIONAL CENTER
1181 PADDOCK ROAD
SMYRNA, DELAWARE 19977

Office of the Clerk
United States District Court
844 N. King Street Lock Box 18
Wilmington Delaware 19801-3570

Legal Mail

IN THE UNITED STATES DISTRICT COURT
For THE DISTRICT of Delaware

Bruce L. Waples )
          Petitioner )
                                    )
v.                                  ) Civil Action No. 07-200-GMS
                                    )
Thomas Carroll                      )
Warden, and Attorney                )
General of The State                )
of Delaware                         )
          Respondents.              )

FILED
MAY 29 2007
RG scanner
U.S. DISTRICT COURT
DISTRICT OF DELAWARE

Statement of Conviction

1. Bruce L. Waples on or about the 30th of Oct 2006 was indicted By the Grand jury in violation of Title 11, §1254 Assault in a detention facility

2. Bruce L Waples on or about the 28th of Feb 2007 went to trial By Jury

3. Bruce L. Waples on or about the 1st of Mar 2007 was found guilty by jury

4. Bruce L. Waples on or about the 1st of Mar, 2007 was sentence By Judge E. Scott Bradley for Title 11 §1254 Assault in a detention facility to two years level 5 min. man. (CASE NO# 0610029325)

Respectfully Submitted
Bruce Waples

Date: 5-23-07

I/M Bruce L. Waples
SBI# 120369    UNIT 17
DELAWARE CORRECTIONAL CENTER
1181 PADDOCK ROAD
SMYRNA, DELAWARE 19977

Office of the Clerk
United States District Court
844 N. King Street Lock Box 18
Wilmington Delaware 19801-3570

Legal Mail