IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| BRUCE L. WAPLES, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) C.A.No. 07-200-GMS |
| | ) |
| RICHARD KEARNEY,[1] et al., | ) |
| | ) |
| Respondents. | ) |

## ANSWER

Pursuant to the Rules Governing § 2254 Actions, 28 U.S.C. foll. § 2254, Respondents state the following in response to the petition for writ of habeas corpus:

### Facts

Bruce Waples was an inmate at the Sussex Violation of Probation Center. On October 30, 2006 at approximately 6:15 a.m., Correctional Officer Michael Megee ordered Waples to not sit on the sill of the side panel of the fire door. Rather than comply with Officer Megee's order, Waples referred to Officer Megee and other staff as a bunch of bitches. Officer Megee then ordered Waples to put on his boots for Instant Work Incentive and escorted him to the inside footprints located in the outside staging area. Waples rambled off at the mouth saying, "only while I'm in here." While Waples was standing on the footprints, Officer Megee ordered him two times to tie his boots for instant work incentive. Instead, Waples stood smiling and laughing at Officer Megee. Officer Megee then pulled his pepper spray and ordered Waples for a third time to tie his boots. When Waples refused to comply, Officer Megee sprayed Waples with pepper spray. Waples then punched Officer Megee in the mouth. Officer Megee then pushed

---

[1] Waples has been transferred to the Delaware Correctional Center and Warden Thomas Carroll should therefore be substituted as named Respondent.

Waples away, and Waples struck Officer Megee in the mouth for the second time, causing Megee to fall into a table and then onto the floor.

## Procedural History

On October 30, 2006, correctional officers arrested Bruce L. Waples. (D.I. 1).[2] On November 13, 2006, the grand jury indicted Waples on the charge of Assault in a Detention Facility (11 *Del. C.* § 1254). (D.I. 2). A jury trial began in Superior Court on February 28, 2007. (D.I. 19). On March 1, 2007, Waples was convicted of the charged offense, and Superior Court immediately sentenced him to 4 years at level V (imprisonment), suspended after 2 years imprisonment for decreasing levels of supervision. (D.I. 22). Waples appeal of his conviction is presently pending in the Delaware Supreme Court.

## Argument

Waples presented three claims for relief in his original petition: 1) insufficient evidence to support his conviction; 2) ineffective assistance of counsel based on counsel's failure to move for judgment of acquittal; and 3) ineffective assistance of counsel for failure to investigate. (D.I. 1). In an amendment filed May 29, Waples repeated those three claims and added four claims: the instruction defining reasonable doubt was defective; the prosecutor's closing argument made the trial unfair; the prosecution introduced hearsay statements; and the prosecution failed to disclose exculpatory evidence to the defense. (D.I. 5). On June 20, 2007, Waples filed an amended petition in which he alleged an additional claim: that the prosecution offered false testimony. (D.I. 11).

A state prisoner seeking federal habeas relief must first exhaust remedies available in the state courts. 28 U.S.C. § 2254(b); *Castille v. Peoples*, 489 U.S. 346, 351 (1989). In order to demonstrate that a claim has been "exhausted" in state court, a petitioner must show that he

---

[2] "D.I." references in this section are to the Superior Court's docket items (ID No. 0610029325).

presented each claim to the Delaware Supreme Court. *Bailey v. Snyder,* 855 F.Supp. 1392, 1399 (D. Del. 1993). The habeas petitioner must afford each level of the state courts a fair opportunity to address the claims. *Doctor v. Walters,* 96 F.3d 675, 678 (3d Cir. 1993). Waples has not presented his claims to the Delaware Supreme Court, and thus he has failed to exhaust his state remedies. *See Rose v. Lundy*, 455 U.S. 509 (1982); *Smith v. Digmon*, 434 U.S. 332 (1978).

Ordinarily, a failure to exhaust state remedies results in dismissal so that the petitioner may exhaust state remedies. *Rose,* 455 U.S. at 510. If however, there is no available state remedy, the prisoner is excused from the exhaustion requirement. *See Teague v. Lane*, 489 U.S. 288, 298 (1989). Waples has filed an appeal of the Superior Court conviction and sentence to the Delaware Supreme Court. Waples thus has an available state remedy through a direct appeal which can be used to present all of his claims, except those alleging ineffective assistance of counsel, to the Delaware Supreme Court. *See Pringle v. Carroll*, 2006 WL 1319545, at *2 (D. Del. May 15, 2006); *Norword v. Kearney*, 2002 WL 1998360, at *2 (D. Del. Aug. 12, 2002). If Waples' conviction is affirmed on direct appeal, he then can still present his claims of ineffective assistance of counsel to the state courts in a motion for post-conviction relief under Criminal Rule 61. *See, e.g., Flamer v. State*, 585 A.2d 736, 753 (Del. 1990). Because all of Waples' claims are unexhausted, the petition must be dismissed.[3]

Transcripts of Waples' trial on February 28-March 1, 2007 have been prepared. Transcripts of the January 19, 2007 hearing regarding Waples' motion to compel have been prepared. Transcripts of the December 8, 2006 VOP hearing have been prepared. In the event that the Court deems production of these transcript necessary, Respondents anticipate that production of such transcript would require 90 days from the date an order by this Court. For the

---

[3] Because the limitations period for filing a federal habeas petition has not begun to run, *see* 28 U.S.C. § 224(d)(1), there is no basis for staying the instant proceedings while Waples exhausts state remedies. *See generally*, *Rhines v. Weber*, 544 U.S. 269 (2005); *Pringle*, 2006 WL 1319545 at *2 n.3.

foregoing reasons, the petition for a writ of habeas corpus should be dismissed without further proceedings.

        STATE OF DELAWARE
        DEPARTMENT OF JUSTICE

        /s/ Gregory E. Smith
        Gregory E. Smith, I.D. No. 3869
        Deputy Attorney General
        820 North French Street, 7th Floor
        Carvel State Building
        Wilmington, Delaware  19801

Dated: July 5, 2007        (302) 577-8398

Westlaw.

Not Reported in F.Supp.2d                                                                                               Page 1
Not Reported in F.Supp.2d, 2006 WL 1319545 (D.Del.)
**(Cite as: Not Reported in F.Supp.2d)**

C
Pringle v. Carroll
D.Del.,2006.
Only the Westlaw citation is currently available.
United States District Court,D. Delaware.
Tyrone PRINGLE, Petitioner,
v.
Thomas L. CARROLL, Warden, et al., Respondents.
**No. Civ.A. 05-660-KAJ.**

May 15, 2006.

Tyrone Pringle, Petitioner, pro se.
Gregory E. Smith, Deputy Attorney General, Delaware Department of Justice, Wilmington, Delaware, for Respondents.

MEMORANDUM OPINION
JORDAN, J.

I. INTRODUCTION

*1 Petitioner Tyrone Pringle ("Pringle") is an inmate at the Delaware Correctional Center in Smyrna, Delaware. He filed the pending petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. (D.I.1) For the reasons that follow, I will dismiss his petition without prejudice.

II. FACTUAL AND PROCEDURAL BACKGROUND

In June 2002, a New Castle County grand jury indicted Pringle on one count of burglary in the first degree, conspiracy in the second degree, criminal impersonation, resisting arrest, escape in the third degree, criminal mischief, and possession of a firearm during the commission of a felony. Pringle failed to appear for his arraignment scheduled for July 26, 2002, and the Superior Court issued a capias for his arrest. While he was a fugitive in another state, Pringle was arrested on other charges.

He was eventually returned to Delaware on November 23, 2004 pursuant to the Interstate Agreement on Detainers. On January 20, 2005, Pringle entered a plea of guilty to burglary in the third degree and possession of a firearm during the commission of a felony, in exchange for which the prosecution dismissed the balance of the indictment. (D.I.13)

On March 23, 2005, Pringle moved to withdraw his guilty plea. The Superior Court granted that motion on April 1, 2005. Prior to his new trial date, Pringle filed two petitions for writs of habeas corpus in the Superior Court. The Superior Court denied both petitions: the first on May 24, 2005, and the second on July 8, 2005. Before Pringle's two-day jury trial commenced on August 23, 2005, the prosecution dismissed the charges of conspiracy, escape, and criminal mischief. The jury found Pringle guilty of the remaining charges contained in the indictment, and sentencing was scheduled for December 9, 2005. *Id.*

Pringle filed the instant petition for the writ of habeas corpus pursuant to 28 U.S.C. § 2254 on September 9, 2005, prior to his sentencing in state court. (D.I.1) The State filed an answer asking the court to dismiss Pringle's federal habeas petition. (D.I.13)

III. LEGAL PRINCIPLES

Federal courts are authorized to provide habeas relief only where a petitioner is in custody in violation of the constitution or laws or treaties of the United States. 28 U.S.C. § 2254(a); *Hassine v. Zimmerman,* 160 F.3d 941, 954 (3d Cir.1998); *Davis v. Snyder,* 2002 WL 169261, at *7 (D.Del. Jan. 31, 2002). Absent exceptional circumstances, a federal court cannot grant federal habeas relief unless the petitioner has exhausted all means of available relief under state law. 28 U.S.C. § 2254(b); *O'Sullivan v. Boerckel,* 526 U.S. 838, 842-44

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d                                                                                                       Page 2
Not Reported in F.Supp.2d, 2006 WL 1319545 (D.Del.)
**(Cite as: Not Reported in F.Supp.2d)**

(1999); *Picard v. Connor,* 404 U.S. 270, 275 (1971). The exhaustion requirement is based on principles of comity, requiring a petitioner to give "state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *O'Sullivan,* 526 U.S. at 844-45; Werts v. Vaughn, 228 F.3d 178, 192 (3d Cir.2000); 28 U.S.C. § 2254(c)(A petitioner "shall not be deemed to have exhausted remedies available ... if he has the right under the law of the state to raise, by any available procedure, the question presented"). A petitioner must demonstrate that he fairly presented the habeas claim to the state's highest court, either on direct appeal or in a post-conviction proceeding. *See Lambert v. Blackwell,* 134 F.3d 506, 513 (3d Cir.1997) (citations omitted); *Coverdale v. Snyder,* 2000 WL 1897290, at *2 (D.Del. Dec. 22, 2000). Generally, if the petitioner has not exhausted state remedies, and further state review is not clearly foreclosed, a federal court will dismiss the claims without prejudice in order to provide the petitioner an opportunity to exhaust his claims. *Lines,* 208 F.3d at 159-60.

### IV. DISCUSSION

*2 Pringle's habeas petition asserts three claims: (1) the Superior Court denied his right to due process by failing to hold his trial within 180 days of his return to Delaware as required by the Interstate Agreement on Detainers [FN1] ("IAD"); (2) the Superior Court denied his Fifth and Fourteenth Amendment rights because his trial took place more than 180 days after his return to Delaware; and (3) the Superior Court lacked jurisdiction over his proceeding because of the IAD violation, and therefore, it violated his Eighth and Fourteenth Amendment rights by convicting him. These claims essentially assert the same issue, namely, that he was not tried within the 180 day period set out in the IAD.

> FN1. The IAD is a compact adopted by states "to encourage expeditious and orderly disposition of outstanding criminal charges filed against a person incarcerated in a different jurisdiction." *Cooney v. Fulcomer,* 886 F.2d 41, 43 (3d Cir.1989). Delaware's version of the IAD is codified at Del.Code Ann. tit 11, § 2540 et seq.

Violations of the IAD are cognizable on federal habeas review. *McCandless v. Vaughn,* 172 F.3d 255, 263 (3d Cir.1999). Nevertheless, I cannot review the merits of Pringle's claims because he has failed to exhaust state remedies. When Pringle filed his petition in September 2005, he had been convicted but not yet sentenced. In its November 2005 Answer, the State explains that Pringle never presented his claims to the Delaware Supreme Court. The State also explains that sentencing is a prerequisite to exhaustion, and that, once sentenced, Pringle would have thirty days in which to appeal his conviction and sentence to the Delaware Supreme Court.

Unfortunately, Pringle appears to have misunderstood the State's explanation of the exhaustion requirement. In a "Traverse" dated November 29, 2005 (and filed on December 1, 2005), Pringle discusses his failure to appeal the denial of his two state petitions for habeas corpus relief, but he does not discuss his failure to exhaust state remedies with respect to his conviction. (D.I.16) Thereafter, Pringle filed two motions asking me to stay his state sentencing proceeding scheduled for December 9, 2005. (D.I. 17; D.I. 19)

In a letter dated March 12, 2006, Pringle states that he was sentenced on February 10, 2006, but he does not indicate whether he appealed his conviction and sentence to the Delaware Supreme Court. (D.I.22) If Pringle did file a timely appeal, and his direct appeal is still pending, exhaustion will not be complete until the conclusion of that proceeding. *See Evans v. Court of Common Pleas,* 959 F.2d 1227, 1234 (3d Cir.1992) (explaining general rule that federal habeas review is unavailable until state criminal proceeding is completed); *Ross v. Carroll,* 2002 WL 31230810 (D.Del. Sept. 23, 2002). If Pringle did not file a timely appeal, he may still have an opportunity to exhaust state remedies; he can present his claims to the Superior Court via a post-conviction motion filed pursuant to Delaware Superior Court Criminal Rule 61, and then appeal

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d                                                                                                                Page 3
Not Reported in F.Supp.2d, 2006 WL 1319545 (D.Del.)
**(Cite as: Not Reported in F.Supp.2d)**

any adverse decision to the Delaware Supreme Court. [FN2]

> FN2. Admittedly, if Pringle did not file a direct appeal, the state courts may conclude that he is barred from presenting the claims on collateral review. *See* Del.Super. Ct.Crim. R. 61(i)(3). However, in these circumstances, whether or not the state courts will reach the merits of Pringle's claims on collateral review does not affect my determination of the exhaustion issue. *See Lines,* 208 F.3d at 163 (explaining that "[i]f the federal court is uncertain how a state court would resolve a procedural default issue, it should dismiss the petition for failure to exhaust state remedies even if it is unlikely that the state court would consider the merits").

Thus, because further state court review is not clearly foreclosed, I will dismiss Pringle's habeas petition without prejudice to permit him an opportunity to exhaust state remedies. Additionally, I will deny Pringle's motion to stay his state court sentencing as moot, since he has already been sentenced. [FN3]

> FN3. A stay of the instant proceeding is inappropriate for two reasons: Pringle has not presented a mixed petition containing both exhausted and unexhausted claims, and Pringle's ability to file a timely § 2254 petition is not clearly foreclosed by the one-year limitation period imposed by 28 U.S.C. § 2244(d). *See Rhines v. Weber,* 544 U.S. 269 (2005).

### V. CERTIFICATE OF APPEALABILITY

*3 When a district court issues a final order denying a § 2254 petition, the court must also decide whether to issue a certificate of appealability. *See* Third Circuit Local Appellate Rule 22.2. A certificate of appealability is appropriate when a petitioner makes a "substantial showing of the denial of a constitutional right" by demonstrating " that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel,* 529 U.S. 473, 484 (2000).

I have concluded that Pringle's petition contains only unexhausted claims, and therefore, I am dismissing it without prejudice. Reasonable jurists would not find this conclusion to be unreasonable. Thus, I will not issue a certificate of appealability.

### VI. CONCLUSION

For the reasons stated, I conclude that Pringle's § 2254 petition must be dismissed without prejudice for failure to exhaust state remedies. An appropriate order shall issue.

### ORDER

For the reasons set forth in the Memorandum Opinion issued in this action today, IT IS HEREBY ORDERED that:

1. Tyrone Pringle's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 is DISMISSED WITHOUT PREJUDICE. (D.I.1)

2. Pringle's Motion to Stay his state court criminal proceedings is DENIED. (D.I.17)

3. A certificate of appealability will not be issued. *See* 28 U.S.C. § 2253(c)(2).

D.Del.,2006.
Pringle v. Carroll
Not Reported in F.Supp.2d, 2006 WL 1319545 (D.Del.)

END OF DOCUMENT

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Westlaw.

Not Reported in F.Supp.2d                                                                                                  Page 1

Not Reported in F.Supp.2d, 2002 WL 1998360 (D.Del.)
**(Cite as: Not Reported in F.Supp.2d)**

**H**
Norwood v. Kearney
D.Del.,2002.
Only the Westlaw citation is currently available.
United States District Court, D. Delaware.
Thomas E. NORWOOD, Petitioner,
v.
Richard KEARNEY, Warden, State of Delaware,
M. Jane Brady, and James W. Adkins, Respondents.
**No. Civ.A.02-13-SLR.**

Aug. 12, 2002.

State pretrial detainee petitioned for writ of habeas corpus. After he filed his petition, petitioner was convicted on 20 counts of drug-related offenses, and appealed his convictions to state supreme court. The District Court, Robinson, Chief Judge, held that: (1) petitioner had failed to exhaust state court remedies, and (2) petitioner was not entitled to certificate of appealability.

Petition dismissed without prejudice.
West Headnotes
**[1] Habeas Corpus 197 ⇌372.1**

197 Habeas Corpus
   197I In General
      197I(D) Federal Court Review of Petitions by State Prisoners
         197I(D)4 Sufficiency of Presentation of Issue or Utilization of State Remedy
            197k372 State Proceedings Pending
               197k372.1 k. In General. Most Cited Cases
Petitioner failed to satisfy exhaustion requirement of Antiterrorism and Effective Death Penalty Act (AEDPA) before he filed petition for writ of habeas corpus challenging his pretrial detention and convictions on 20 counts of drug-related offenses; petitioner's direct appeal was still pending before state supreme court. 28 U.S.C.A. § 2254(b)(1).

**[2] Habeas Corpus 197 ⇌818**

197 Habeas Corpus
   197III Jurisdiction, Proceedings, and Relief
      197III(D) Review
         197III(D)1 In General
            197k817 Requisites and Proceedings for Transfer of Cause
               197k818 k. Certificate of Probable Cause. Most Cited Cases
Petitioner was not entitled to certificate of appealability for review of denial of his petition for writ of habeas corpus challenging his pretrial detention and convictions on 20 counts of drug-related offenses, since reasonable jurist could not have concluded that district court erred in dismissing petition for failure to satisfy exhaustion requirement of Antiterrorism and Effective Death Penalty Act (AEDPA), where petitioner's direct appeal was still pending before state supreme court. 28 U.S.C.A. § 2253(c)(2).

Thomas E. Norwood, Sussex Correctional Institution, Georgetown, Delaware, Petitioner, pro se.
Thomas E. Brown, Delaware Department of Justice, Wilmington, Delaware, for Respondents.

MEMORANDUM OPINION
ROBINSON, Chief J.

I. INTRODUCTION

*1 Petitioner Thomas E. Norwood is a Delaware inmate in custody at the Sussex Correctional Institution in Georgetown, Delaware. Currently before the court is petitioner's application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. (D.I.2) Also pending in this matter is petitioner's motion for appointment of counsel. (D.I.37) For the reasons that follow, the court concludes that petitioner has failed to exhaust state court remedies. Accordingly, the court will dismiss his petition without prejudice, and will deny his motion for appointment of counsel as moot.

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d                                                                                                    Page 2
Not Reported in F.Supp.2d, 2002 WL 1998360 (D.Del.)
**(Cite as: Not Reported in F.Supp.2d)**

## II. BACKGROUND

On July 12, 2001, petitioner was arrested in Sussex County, Delaware, for multiple drug-related offenses, including trafficking in cocaine. The Delaware Superior Court ordered petitioner held on secured bond, which he was unable to post. On July 27, 2001, he filed in the Superior Court a petition for a writ of habeas corpus, alleging an unlawful search and arrest. The Superior Court denied the petition. *Norwood v. State,* C.A. No. 01M-07-022 (Del.Super.Ct. July 30, 2001). The Delaware Supreme Court affirmed. *Norwood v.. State,* No. 371, 2001, 2001 WL 1329692 (Del. Oct.23, 2001).

In December 2001, while incarcerated awaiting trial, petitioner filed in this court the current application for federal habeas relief. (D.I.2, 3, 4) While any specific claims for relief are difficult to discern, it appears that petitioner asks this court to order the state courts to fulfill their constitutional obligation to afford him due process of law. (D.I.2) He also complains of an unlawful search and arrest, as well as the denial of effective assistance of counsel, and asks the court to order his immediate release. (D.I.2, 3, 4)

Petitioner's trial commenced in the Superior Court on March 13, 2002. On March 15, 2002, the jury found petitioner guilty of twenty counts of drug-related offenses. Petitioner immediately appealed, but the Delaware Supreme Court dismissed the appeal for lack of jurisdiction because petitioner had not yet been sentenced. *Norwood v. State,* No. 141, 2002, 2002 WL 487169 (Del. Mar.28, 2002). After the Superior Court imposed sentence on May 2, 2002, petitioner again appealed. His direct appeal is pending before the Delaware Supreme Court. *Norwood v. State,* No. 274, 2002 (pending).[FN1]

> FN1. On August 9, 2002, the clerk of the Delaware Supreme Court confirmed that petitioner's direct appeal is pending before that court.

Respondents ask the court to dismiss petitioner's application for failure to exhaust state court remedies. (D.I.23, ¶ 7.) For the following reasons, the court will grant respondents' request.

## III. DISCUSSION

Pursuant to the federal habeas statute:
An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that -
(A) the applicant has exhausted the remedies available in the courts of the State; or
(B)(i) there is an absence of available State corrective process; or (ii) circumstances exist that render such process ineffective to protect the rights of the applicant.

*2 28 U.S.C. § 2254(b)(1). Grounded on principles of comity, the requirement of exhaustion of state court remedies ensures that state courts have the initial opportunity to review federal constitutional challenges to state convictions and sentences. *Werts v. Vaughn,* 228 F.3d 178, 192 (3d Cir.2000), *cert. denied,* 532 U.S. 980, 121 S.Ct. 1621, 149 L.Ed.2d 483 (2001).

[1] To satisfy the exhaustion requirement, "state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *O'Sullivan v. Boerckel,* 526 U.S. 838, 845, 119 S.Ct. 1728, 144 L.Ed.2d 1 (1999). Although a state prisoner need not "invoke extraordinary remedies," he must fairly present each of his claims to the state courts. *Id.* at 844-45. A claim has not been fairly presented unless it was presented "at all levels of state court adjudication." *Cristin v. Brennan,* 281 F.3d 404, 410 (3d Cir.2002). Generally, federal courts will dismiss without prejudice claims that have not been fairly presented to the state courts, thereby allowing petitioners to exhaust their claims. *Lines v. Larkins,* 208 F.3d 153, 159-60 (3d Cir.2000), *cert. denied,* 531 U.S. 1082, 121 S.Ct. 785, 148 L.Ed.2d 681 (2001).

Here, it is obvious that petitioner has not satisfied the exhaustion requirement-his direct appeal is still

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d                                                                                                    Page 3
Not Reported in F.Supp.2d, 2002 WL 1998360 (D.Del.)
**(Cite as: Not Reported in F.Supp.2d)**

pending before the Delaware Supreme Court. *See Sherwood v. Tomkins*, 716 F.2d 632, 634 (9th Cir.1983) (stating that when "an appeal of a state criminal conviction is pending, a would-be habeas corpus petitioner must await the outcome of his appeal before his state remedies are exhausted").

For these reasons, the court finds that petitioner has failed to exhaust state court remedies. Accordingly, his petition will be dismissed without prejudice. [FN2] His motion for appointment of counsel will be denied as moot.

> FN2. The court declines to address respondents' argument that some of petitioner's claims may be moot because they appear to challenge the legality of his pretrial incarceration rather than his conviction and sentence. Although some claims could be construed as attacking petitioner's pretrial incarceration, it is plain that petitioner seeks to challenge much more than the legality of his pretrial incarceration. Rather than deciding any specific issues in a piecemeal fashion, the court will dismiss the petition in its entirety without prejudice for failure to exhaust.

### IV. CERTIFICATE OF APPEALABILITY

[2] Finally, the court must determine whether a certificate of appealability should issue. *See* Third Circuit Local Appellate Rule 22.2. The court may issue a certificate of appealability only if petitioner " has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

When a federal court dismisses a habeas petition on procedural grounds without reaching the underlying constitutional claims, the petitioner must demonstrate that jurists of reason would find it debatable: (1) whether the petition states a valid claim of the denial of a constitutional right; and (2) whether the court was correct in its procedural ruling. *Slack v. McDaniel*, 529 U.S. 473, 484, 120 S.Ct. 1595, 146 L.Ed.2d 542 (2000). "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further." *Id.*

As discussed above, the court has concluded that petitioner has failed to exhaust available state court remedies. The court is persuaded that reasonable jurists would not debate whether this procedural ruling is correct. Petitioner, therefore, has failed to make a substantial showing of the denial of a constitutional right, and a certificate of appealability is not warranted.

### V. CONCLUSION

*3 For the reasons stated, the court will dismiss petitioner's application for a writ of habeas corpus without prejudice, and will deny as moot his motion for appointment of counsel. The court will not issue a certificate of appealability. An appropriate order shall issue.

D.Del.,2002.
Norwood v. Kearney
Not Reported in F.Supp.2d, 2002 WL 1998360 (D.Del.)

END OF DOCUMENT

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

## CERTIFICATION OF SERVICE

The undersigned certifies that on July 5, 2007, he electronically filed the attached *Answer* with the Clerk of Court using CM/ECF. The undersigned further certifies that on July 5, 2007 that he mailed by United States Postal Service the document(s) to the following non-registered participant:

Bruce L. Waples
SBI No. 00170369
Delaware Correctional Center
1181 Paddock Road
Smyrna, Delaware 19977

                                                STATE OF DELAWARE
                                                DEPARTMENT OF JUSTICE

                                                /s/ Gregory E. Smith
                                                Gregory E. Smith, ID # 3869
                                                Deputy Attorney General
                                                820 North French Street, 7th Floor
                                                Carvel State Building
                                                Wilmington, Delaware 19801
                                                (302) 577-8398