IN THE United States District Court
For the District of Delaware

Bruce L. Waples )
    Petitioner )
    v. ) Civil Action No. 07-200-GMS
Thomas Carroll )
Warden, And Attorney )
General of the State )
of Delaware, )
    Respondents. )

FILED
JUL 24 2007
RG scarr
U.S. DISTRICT COURT
DISTRICT OF DELAWARE

Response to Answer

1. The State is in opposition of the Courts order pursuant to June 11, 2007 (court order)

2. Fundamental miscarriage of justice excusing habeas Petitioner's procedural default, occurs when a constitutional violation has probably result in the conviction of one who is Actually innocence Habeas Corpus 1970 401 Federal courts may not consider the merits of procedurally defaulted claims unless the petitioner demonstrates cause for the default and prejudice resulting therefrom, or a fundamental miscarriage of justice Coleman v. Thompson 501 us 722 750 (1991) Lines 208 F3d at 160 Alternatively, A federal court may excuse a procedural default if the petitioner

demonstrates that failure to review the claim will result in a fundamental miscarriage of justice. Edwards v. Carpenter 529 U.S. 446, 451 (2000) Wenger v. Frank 266 F3d 218 (3d cir 2001) The miscarriage of justice exception applies only in extraordinary cases where a constitutional violation has probably resulted in the conviction of one who is actually innocent. Murray 477 US at 496 To establish actual innocence a petitioner must satisfy the extremely high burden of showing that it is more likely than not that no reasonable juror would have convicted him Sweger v. Chesney 294 F3d 506 522-23 (3d cir 2002) (citing Schlup v. Delo 513 US 298, 329 (1995)

3. A conviction obtained by the knowing use of perjured testimony is fundamentally unfair, and must be set aside if there is any reasonable likelihood that the false testimony could have effected the judgement of the jury. United States v. Agurs 427 US 97, 103 96 Sct 2392, 2397, 49 LEd 2d (1976) See also Endicott 869 F2d at 455 (citing Giglio v. United States 405 US 150, 153 92 Sct 763, 765 31 LEd 2d 104 (1972) And United States v. Bagley, 473 US 667, 678-80 105 Sct 3375, 3381-82, 87 LEd 2d 481 (1985) However a government's assurances that false evidence was presented in good faith are little comfort to a criminal defendant wrongly convicted on the basis of

Such evidence. A conviction based in part on false *1264 evidence, even false evidence presented in good faith hardley comport's with Fundamental Fairness, Thus, even if the Government unwittingly presents false evidence, a defendant is entitle to a new trial "if there is a reasonable probability that [without the evidence] the result of the proceeding would have been different Endicott 869 F2d at 455 citing United States v. Bagley 473 U.S. 667, 678-80 105 Sct 3375, 3381-82, 87 LEd2d 481 (1985

<u>Petitioner was denied due process of law in violation of the Fourteenth Amendment to the Federal Constitution</u>

## <u>Summary</u>

Prosecution Based my conviction on the fact that officer Megee had a partial Denture plate, I dont dispute the fact that he had a partial Denture plate, But I do dispute the fact that just because officer Megee has a partial Denture plate Dosent mean that i was the cause. <u>Officer Megee Patient ledger show that he had a partial Denture plate prior to incident</u> (SEE: Exhibit A)

Respectfully Submitted

Date 7-23-07    Bruce Wyatt Pro-se

IM Bruce Waples
SBI# 170369    UNIT 17 A-U-11
DELAWARE CORRECTIONAL CENTER
1181 PADDOCK ROAD
SMYRNA, DELAWARE 19977

Office of the Clerk
United States District Court
844 N. King Street Lockbox 18
Wilmington Delaware
19801-3570

# SEALED DOCUMENT