IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| BRUCE L. WAPLES, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Civ. A. No. 07-200-GMS |
| | ) | |
| PERRY PHELPS, Warden, | ) | |
| and ATTORNEY GENERAL OF THE | ) | |
| STATE OF DELAWARE, | ) | |
| | ) | |
| Respondents.[1] | ) | |

Bruce L. Waples. *Pro se* petitioner.

Gregory E. Smith, Deputy Attorney General, Delaware Department of Justice, Wilmington, Delaware. Attorney for respondents.

MEMORANDUM OPINION

April 16, 2008
Wilmington, Delaware

---

[1] Waples was transferred from the Sussex Correctional Institution to the Delaware Correctional Center. Therefore, the court has substituted Warden Perry Phelps for Warden Richard Kearney, an original respondent. *See* Fed. R. Civ. P. 25(d)(1).


Sleet, Chief Judge

I. INTRODUCTION

Petitioner Bruce L. Waples ("Waples") is an inmate at the Delaware Correctional Center in Smyrna, Delaware. Waples filed the pending application for a writ of habeas corpus ("petition") pursuant to 28 U.S.C. § 2254. (D.I. 1; D.I. 5; D.I. 11.) For the reasons discussed, the court will dismiss his petition without prejudice for failure to exhaust state remedies.

II. FACTUAL AND PROCEDURAL BACKGROUND

Waples was an inmate at the Sussex Violation of Probation Center on October 30, 2006 when Correctional Officer Michael Megee ordered Waples to not sit on the sill of the side panel of the fire door. Waples did not comply with Officer Megee's order; instead, he referred to Officer Megee and the other staff as a "bunch of bitches." Officer Megee then ordered Waples to put on his boots for Instant Work Incentive and escorted him to the inside footprints located in the outside staging area. Waples replied, "only while I'm in here." While Waples was standing on the footprints, Officer Megee ordered him to tie his boots for Instant Work Incentive two times. Waples did not comply; rather, he stood smiling and laughing. Officer Megee then pulled his pepper spray and ordered Waples to tie his boots for a third time. When Waples refused to comply, Officer Megee sprayed Waples with pepper spray. Waples then pushed Officer Megee in the mouth. Officer Meggee pushed Waples away, and Waples struck Officer Megee in the mouth for a second time, causing Megee to fall into a table and then onto the floor. (D.I. 16.)

Correctional officers arrested Waples. On November 13, 2006, the grand jury indicted Waples for one charge of assault in a detention facility in violation of Del. Code Ann. tit. 11, § 1254. On March 1, 2007, a Superior Court jury convicted Waples of the charged offense, and the

Superior Court immediately sentenced him to four years at Level V imprisonment, suspended after two years for decreasing levels of supervision. Waples appealed, and the Delaware Supreme Court affirmed the Superior Court's decision. *Waples v. State*, 2008 555647 (Del. Mar. 3, 2008).

Waples filed a federal habeas petition on April 10, 2007, and then he filed an amended petition on May 29, 2007. (D.I. 1; D.I. 5.) Waples filed another amended petition on June 20, 2007. (D.I. 11.) Waples' direct appeal was still pending in the Delaware Supreme Court on the date of all three filings. Therefore, the State filed an answer, contending that all of the claims asserted in the various petitions should be dismissed without prejudice for failure to exhaust state remedies. (D.I. 16.)

**III. GOVERNING LEGAL PRINCIPLES**

A district court can entertain a state prisoner's application for federal habeas relief only on the ground that his custody violates the Constitution or laws or treaties of the United States. 28 U.S.C. § 2254(a). Absent exceptional circumstances, a federal court cannot review a habeas petition on the merits unless the petitioner has exhausted his remedies under state law. 28 U.S.C. § 2254(b); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842-44 (1999); *Picard v. Connor*, 404 U.S. 270, 275 (1971). A petitioner satisfies the exhaustion requirement by presenting his claim to the state's highest court, either on direct appeal or in a post-conviction proceeding. *O'Sullivan*, 526 U.S. at 844-45; *See Lambert v. Blackwell*, 134 F.3d 506, 513 (3d Cir. 1997). Generally, a federal court will dismiss without prejudice a habeas petition consisting entirely of unexhausted claims in order to give a petitioner an opportunity to present the unexhausted claim to the state courts. *Lines v. Larkins*, 208 F.3d 153, 159-60 (3d Cir. 2000).

Sometimes a petitioner will present a federal district court with a mixed petition, which is a petition containing both exhausted and unexhausted habeas claims. *See generally Rose v. Lundy*, 455 U.S. 509 (1982). When a petitioner presents a district court with a mixed petition, and the operation of the federal limitations period will not clearly foreclose a future collateral attack, the district court must dismiss the entire application without prejudice to permit exhaustion of state remedies for the unexhausted claims. *See Rhines v. Weber*, 544 U.S. 269 (2005); *Pliler v. Ford*, 542 U.S. 225 (2004); *Rose v. Lundy*, 455 U.S. 509, 510, 522; *Lambert v. Blackwell*, 134 F.3d 506, 513 (3d Cir. 1997).

## IV. DISCUSSION

Waples asserts a total of eight claims: (1) insufficient evidence to support his conviction; (2) ineffective assistance of counsel due to counsel's failure to move for judgment of acquittal; (3) ineffective assistance of counsel due to counsel's failure to investigate; (4) the Superior Court's gave a defective instruction defining reasonable doubt; (5) the prosecutor's closing argument rendered the trial unfair; (6) the prosecution introduced hearsay statements; (7) the prosecution failed to disclose exculpatory evidence to the defense; and (8) the prosecution offered false testimony. In its answer, the State properly argued that the entire petition should be dismissed for failure to exhaust state remedies because Waples' direct appeal was still pending when he filed the instant petition. However, the Delaware Supreme Court recently decided Waples' appeal and affirmed his conviction and sentence. *Waples*, 2008 WL 555647. Thus, as explained below, the court concludes that the claims raised in the petition are no longer entirely unexhausted.

The record indicates that Waples presented claims one, five, six, seven, and eight to the

Delaware Supreme Court on direct appeal,[2] and the Delaware Supreme Court denied relief for those claims. *Waples v. State*, 2008 WL 555647 (Del. Mar. 3, 2008). Therefore, the court concludes that Waples exhausted state remedies for five of his eight habeas claims.

Nevertheless, at this juncture, the remaining three claims in the petition are unexhausted. For example, although Waples presented his ineffective assistance of counsel claims to the Delaware Supreme Court on direct appeal, that presentation did not exhaust state remedies for federal habeas purposes because the Delaware Supreme Court cannot consider ineffective assistance of counsel claims for the first time on direct appeal. *See Waples*, 2008 WL 555647, at *1. Rather, Waples' ineffective assistance of counsel claims will not be exhausted until he presents them to the Superior Court in a motion for post-conviction relief under Delaware Superior Court Criminal Rule 61, and then appeals any adverse decision to the Delaware Supreme Court.[3] *See Pringle v. Caroll*, 2006 WL 1319545, at *2 (D. Del. May 15, 2006). The claim alleging an improper jury instruction is also unexhausted because Waples can still present the claim to the Superior Court in a Rule 61 motion, and appeal any adverse decision to the

---

[2]The Delaware Supreme Court discusses three prosecutorial misconduct claims, and the court has concluded that Waples petitions and amendments assert four prosecutorial claims. It appears that the Delaware Supreme Court may have viewed claim four in this proceeding as being included in one of the other three prosecutorial claims. Given the court's conclusion that it must dismiss the instant petition without prejudice for failure to exhaust state remedies, the court will not investigate a possible difference in interpretation at this point in time. In short, the instant petition is mixed whether or not Waples presented claim four to the Delaware Supreme Court during his direct appeal.

[3]Once his judgment of conviction becomes final under state law, Waples has one year to timely file a Rule 61 motion in the Superior Court. *See* Del. Super. Ct. Crim. R. 61(i)(1).

Delaware Supreme Court.[4] *See Webster v. Kearney*, 2006 WL 572711 (D. Del. Mar. 8, 2006).

Based on this record, the court concludes that the instant petition is a mixed petition containing both exhausted and unexhausted claims. At this point, AEDPA's one-year limitations period has not begun to run because Waples' judgment of conviction will not become final until June 2008.[5] *See Kapral v. United States*, 166 F.3d 565, 575, 578 (3d Cir. 1999)(when a petitioner does not pursue certiorari review in the United States Supreme Court, his judgment of conviction does not become final until the expiration of the 90 day period for seeking such review). Consequently, dismissing the petition without prejudice will not jeopardize the timeliness of a future habeas petition, provided Waples diligently pursues state remedies and pays attention to the one-year statute of limitations period applicable to federal habeas petitions.[6] The court also notes that a stay of the instant proceeding is not warranted because AEDPA's one year limitations period has not yet begun to run. *See* 28 U.S.C. 2244(d)(1); *see generally Rhines v. Weber*, 544 U.S. 269 (2005). Accordingly, the court will dismiss the petition without prejudice to provide Waples an opportunity to satisfy the exhaustion requirement.

---

[4]In reaching this conclusion, the court acknowledges that Waples may be precluded from filing a Rule 61 motion under Rule 61(i)(3) because he failed to raise this claim on direct appeal; however, Waples may overcome this procedural bar demonstrating cause and prejudice. *See Webster*, 2006 WL 572711, at *4.

[5]Unless Waples files a petition for a writ of certiorari in the United States Supreme Court, in which case, his judgment of conviction will become final when that Court renders a decision. *See Kapral*, 166 F.3d at 575, 578.

[6]Habeas petitions filed pursuant to 28 U.S.C. § 2254 must be filed within one year of the judgment of conviction becoming final, and the limitations period is tolled during the pendency of properly filed applications for state post-conviction relief. *See* 28 U.S.C. § 2244(d)(1),(2).

5

## V. CERTIFICATE OF APPEALABILITY

When a district court issues a final order denying a § 2254 petition, the court must also decide whether to issue a certificate of appealability. *See* Third Circuit Local Appellate Rule 22.2. A certificate of appealability is appropriate when a petitioner makes a "substantial showing of the denial of a constitutional right" by demonstrating "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). If a federal court denies a habeas petition on procedural grounds without reaching the underlying constitutional claims, the court is not required to issue a certificate of appealability unless the petitioner demonstrates that jurists of reason would find it debatable: (1) whether the petition states a valid claim of the denial of a constitutional right; and (2) whether the court was correct in its procedural ruling. *Id.*

The court has concluded that the petition must be dismissed without prejudice for failure to exhaust state remedies. The court is persuaded that reasonable jurists would not find this conclusion to be debatable. Therefore, the court declines to issue a certificate of appealability.

## VI. CONCLUSION

For the reasons discussed, Waples' petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254 will be denied without prejudice.

An appropriate order will be entered.

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| BRUCE L. WAPLES, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Civ. A. No. 07-200-GMS |
| ) | |
| PERRY PHELPS, Warden, ) | |
| and ATTORNEY GENERAL OF THE ) | |
| STATE OF DELAWARE, ) | |
| ) | |
| Respondents. ) | |

**ORDER**

For the reasons set forth in the Memorandum Opinion issued this date, IT IS HEREBY ORDERED that:

1. Petitioner Bruce L. Waples' petition for the writ of habeas corpus, filed pursuant to 28 U.S.C § 2254, is **DISMISSED WITHOUT PREJUDICE.** (D.I. 1; D.I. 5; D.I. 11.)

2. The court declines to issue a certificate of appealability for failure to satisfy the standards set forth in 28 U.S.C. § 2253(c)(2).

Dated: April 16, 2008

_____
CHIEF UNITED STATES DISTRICT JUDGE

FILED

APR 16 2008

U.S. DISTRICT COURT
DISTRICT OF DELAWARE